# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 9794 | **DATE** | 4/4/2013 |
| **CASE TITLE** | Joan D. Kuchta vs. Lockport Township High School District 205, et al. | | |

**DOCKET ENTRY TEXT**

Defendants' Motion to Dismiss Counts I and II of Plaintiff's Amended Complaint [24] is denied.

[ For further details see text below.]    Docketing to mail notices.

## STATEMENT

Plaintiff Joan D. Kuchta ("Plaintiff") sues Defendants Lockport Township High School District 205, Todd Wernet, Paige Dague, Brett Gould, Dennis Hicks, Todd Elkei, George Brecheisen, Garry Raymond, Susan Forbes, Lou Ann Johnson, Angela Kamely, Michael Lewandowski, John Lukasik, Cindy Polke, and Ronald Svara (collectively, the "Individual Defendants") for discrimination on the basis of gender and age pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5, *et seq.* and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq.*, and for violation of her First Amendment rights of free speech and association pursuant to 42 U.S.C. §§ 1983, 1985, and 1988. Before the Court is Defendants' Motion to Dismiss Counts I and II of Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the motion is denied.

A complaint must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In order to survive a motion to dismiss under Rule 12(b)(6), a plaintiff's complaint "must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." Indep. Trust Corp. v. Stewart Info. Servs. Corp., 665 F.3d 930, 935 (7th Cir. 2012) (internal quotation marks and citation omitted). The Court accepts "all well-pleaded allegations of the complaint as true and view[s] them in the light most favorable to the plaintiff." Id. at 934 (internal quotation marks and citation omitted). Thus, to survive a motion to dismiss, Plaintiff must allege enough facts that "plausibly suggest that the plaintiff has a right to relief." Wilson v. Price, 624 F.3d 389, 391-92 (7th Cir. 2010) (internal quotation marks and citation omitted). Determining plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009) (citation omitted).

Plaintiff is a former physical education teacher who was employed by the Board of Education of the Lockport Township High School District 205 on a full-time basis from August of 2008 until June of 2011, when her contract was not renewed. Plaintiff alleges that Defendants' decision to terminate or approve the non-renewal of her contract was in retaliation for her exercise of her First Amendment rights of free speech and association related to her activity with, and opposition of, new contract terms under consideration for teachers in her district. Defendants now move to dismiss Plaintiff's First Amendment claims.

"In assessing the viability of a public employee's First Amendment claims, [courts] must make a threshold

determination as to whether the speech that allegedly motivated the employer's adverse employment action was protected by the Constitution." McArdle v. Peoria Sch. Dist. No. 150, 705 F.3d 751, 754 (7th Cir. 2013) (citing Chaklos v. Stevens, 560 F.3d 705, 711-12 (7th Cir. 2009)). For a public employee, the speech at issue "must be made in her capacity as a private citizen and not as an employee." Id. The speech must also be a matter of public concern. "Whether a government employee's speech addresses a matter of public concern depends upon 'the content, form, and context of [the speech] as revealed by the whole record.'" Gustafson v. Jones, 290 F.3d 895, 906-07 (7th Cir. 2002) (quoting Connick v. Myers, 461 U.S. 138, 147-48 (1983)).

First, Defendants argue that Plaintiff's First Amendment claims fail as a matter of law because she was not exercising her rights as a citizen, nor was she speaking on a matter of public concern. However, a motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of a complaint—not the merits. See Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7, 570 F.3d 811, 820 (7th Cir. 2009); Swiss Reinsurance Am. Corp. v. Access Gen. Agency, Inc., 571 F. Supp. 2d 882, 884 (N.D. Ill. 2008). The Court has reviewed the pleadings and submissions and finds that Plaintiff's First Amendment allegations are sufficient to satisfy notice pleading under Federal Rule of Civil Procedure 8, as well as Twombly and its progeny.

Next, the Individual Defendants argue that Plaintiff's First Amendment claims should be dismissed because they have qualified immunity. Application of qualified immunity "involves two questions: (1) whether the facts, taken in the light most favorable to the plaintiff, show that the defendant violated a constitutional right; and (2) whether that constitutional right was clearly established at the time of the alleged violation." Hernandez v. Cook Cnty. Sheriff's Office, 634 F.3d 906, 914 (7th Cir. 2011) (internal quotation marks and citations omitted). However, "[b]ecause an immunity defense usually depends on the facts of the case, dismissal at the pleading stage is inappropriate: [T]he plaintiff is not required initially to plead factual allegations that anticipate and overcome a defense of qualified immunity." Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001) (internal quotation marks and citation omitted). Accordingly, the Court finds that it is premature at this early stage in the litigation to make such a factual determination.

Lastly, Defendants argue that Plaintiff fails to establish the elements of liability for a § 1983 violation as to the Individual Defendants, and for a § 1985 violation as to all Defendants. However, Plaintiff need not allege each element of a cause of action. Bissessur v. Ind. Univ. Bd. of Trs., 581 F.3d 599, 602 (7th Cir. 2009). Indeed, "formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Plaintiff is only required to provide enough facts to give Defendants notice of the cause of action that is "plausible on its face." Id. at 570. Plaintiff alleges, inter alia, that "[a]s a direct result of her protected speech, Defendants Dague, Wernet, Elkei, Hicks, Gould and Raymond interfered with [her] First Amendment free speech rights by engineering the non-renewal of her teaching contract and her co-curricular coaching contract," Am. Compl. ¶ 144, and that "[t]he Board Defendants . . . approved the non-renewal of [her] contract in retaliation for her exercise of her First Amendment rights when they knew that no valid reason existed for the non-renewal," id. ¶ 148. The Court finds that Plaintiff's pleadings are sufficient under the standards set forth in Rule 8 and Twombly. The matters raised in the instant motion are better left for resolution on summary judgment.

For the foregoing reasons, Defendants' motion to dismiss is denied.
IT IS SO ORDERED.

U.S. DISTRICT COURT
CLERK
2013 APR -4 PM 3:40